*337 SUMMARY ORDER
UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.
Debtor-appellant, Ralph Urban (“Urban”), appeals from an order of the Western District of New York (David G. Larimer, J.) affirming a decision and order of the United States Bankruptcy Court for the Western District of New York. That decision and order resolved an adversary proceeding that had been transferred to the Western District by the United States Bankruptcy Court for the Southern District of New York.
As noted by the district court, the history of this case is particularly lengthy and tortured. Ultimately, however, this dispute has its origins in a contract by appellant to sell 75 acres of land in Yates County, New York to Linda Haag (“Haag”) and Gerald Tuttle (“Tuttle”). Several years later, Yates County commenced an in rem foreclosure proceeding against the property deeded to Haag and Tuttle due to their failure to pay real estate taxes. The property was foreclosed and conveyed by deed in foreclosure to William Hurley (“Hurley”). Prior to the conveyance of the property in foreclosure, appellant filed a voluntary Chapter 11 petition for bankruptcy. Appellant claims that the conveyance of the property violated the automatic stay provisions of the bankruptcy code.
In an appeal from a district court’s review of a decision by the bankruptcy court, this Court conducts an independent review of the bankruptcy court’s decision, accepting its factual findings unless clearly erroneous, but reviewing de novo its conclusions of law. In re AroChem Corp., 176 F.3d 610, 620 (2d Cir.1999). Appellant has failed to show that the factual findings of the bankruptcy court were clearly erroneous or that the court erred in its conclusions of law. Appellant executed and delivered a valid deed to Haag and Tuttle conveying the 75 acres of land at issue. Because appellant did not have any ownership rights over the land, the foreclosure sale did not violate the automatic stay provisions. See 11 U.S.C. § 362(a).
Appellant also seeks a ruling that a 1991 Yates County judgment against him is “illegal, unconstitutional, and/or un-collectable [sic].” This Court does not have jurisdiction to entertain this portion of appellant’s appeal. Pursuant to the Rooker-Feldman doctrine, “inferior federal courts lack subject matter jurisdiction ‘over cases that effectively seek review of judgments of state courts and that federal review, if any, can occur only by way of certiorari petition to the Supreme Court.’ ” Phifer v. City of New York, 289 F.3d 49, 55 (2d Cir.2002)(quoting Moccio v. New York State Office of Court Admin., 95 F.3d 195, 198 (2d Cir.1996)). Finally, we need not reach the constitutional claims asserted in appellant’s brief as they were not raised below. See Amalgamated Clothing and Textile Workers Union v. Wal-Mart Stores, Inc., 54 F.3d 69, 73 (2d Cir.1995).
In light of the above, appellant’s August 9, 2004 motion to strike the Yates County Sheriffs sale is now moot.
The decision and order of the district court is hereby AFFIRMED.